Argued December 7, affirmed December 20, 1961, petition for
rehearing denied January 16, 1962

## FRISCHE *v.* FRISCHE

366 P. 2d 906

*Alex L. Parks*, Portland, argued the cause for appellant. With him on the briefs were Dusenbery, Martin, Beatty & Parks, Portland.

*Howard H. Campbell*, Portland, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

This was a contested divorce. Defendant-husband was awarded a decree of divorce. Plaintiff was awarded custody of the two children of the parties. Defendant appeals from that portion of the decree which awarded custody of the children to plaintiff. He also questions the amount of support money.

Other than providing some satisfaction to the curious a detailed statement of the facts would benefit no one. Both parties are well above average in intelligence, education and financial means. Most of the evidence in respect to custody was directed at psychological deficiencies or disturbances which, it was alleged, plaintiff suffered. Professional men who were expert in the field of psychology and psychiatry testified at length concerning plaintiff's behavior patterns and gave opinions as to the meaning thereof. In addition to the evidence received during the trial the court, by stipulation of the parties, caused an investigation to be made by the court's domestic relations staff. This report was considered by the court, along with all of the other evidence, in reaching decision. The report was a part of the record. The staff report recommended that defendant be awarded custody. The court decided otherwise.

For about a year prior to the divorce plaintiff had served as a special teacher in experimental instruction in the Spanish language at one of the grade schools in Portland. Some of the evidence in respect to plaintiff's capabilities both as an instructor and as to her work with children came from the person who supervised this work. This witness found her to be highly proficient. Other evidence was presented by friends,

neighbors and associates of both parties. The good and the bad of both parties was revealed to an extent not often found in a record of this kind.

■ We also observe from the record the care and consideration given this problem by the experienced and respected trial judge. The evidence supports the conclusion reached by the trial judge as a result of his deliberations.

The evidence also supports the amount of child support money fixed by the court.

■ Plaintiff shall have her costs and disbursements on appeal and an attorney's fee in the amount of $1,000. ORS 107.100 (3).

Decree affirmed.